# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MICHELLE RAMIREZ,<br><br>        Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC.,<br><br>        Defendant. | **Case No.: 1:25-cv-00061**<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Michelle Ramirez ("Plaintiff"), by her attorneys, Consumer Attorneys PLLC, hereby complains of the Defendant The Elevance Health Companies, Inc. ("Elevance" or "Defendant"), upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendant has violated the Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-301 *et seq.,* and*,* and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of her actual and/or perceived disability.

2. Defendant refused to provide reasonable accommodations to Plaintiff, retaliated against her for requesting accommodations, interfered with her in the exercise and enjoyment of her rights under Title I of the ADA and CADA on account of her exercise of her rights under Title I of the ADA and CADA, and unlawfully terminated her employment.

## II. PROCEDURAL REQUIREMENTS

3. Plaintiff filed a charge of discrimination upon which this Complaint is based

1

with the Equal Employment Opportunity Commission ("EEOC") on or about June 17, 2024.

4. Plaintiff received a Notice of Right to Sue from the EEOC on October 10, 2024 with respect to the herein charges of discrimination and retaliation. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

5. This Action is being commenced within ninety (90) days of receipt of said Right to Sue as required by 29 U.S.C. § 1601.28(e)(1).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and has supplemental jurisdiction over related state claims against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

7. All conditions precedent to filing a lawsuit have been met.

8. The employment practices alleged in this Complaint to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado, as Plaintiff was a remote employee working within the District when the complained-of conduct occurred.

### III.    PARTIES

9. At all relevant times, Plaintiff was and is a female resident of the State of Colorado, Adams County.

10. At all relevant times, Plaintiff was an employee of Defendant.

2

11. Upon information and belief, Defendant is a foreign for-profit corporation with a principal place of business located at 220 Virginia Avenue, Indianapolis, IN 46204, and is authorized to do business in the State of Colorado, including within this District.

12. Upon information and belief, Defendant employs more than fifteen (15) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

### IV. STATEMENT OF FACTS

13. Prior to Plaintiff's employment with Defendant, Plaintiff was diagnosed with a variety of medical conditions; namely, bipolar II disorder, attention-deficit/hyperactive disorder, post-traumatic stress disorder, major depressive disorder, and anxiety disorder.

14. Plaintiff's medical conditions fall under the definition of a "Disability" under the ADA and CADA.

15. Upon information and belief, Plaintiff first received her diagnosis in or around 2015.

16. In or around October 8, 2022, Plaintiff began working for Defendant as a "Director of Risk Adjustment."

17. Plaintiff performed her work in an exemplary manner.

18. In or about November 2022, Plaintiff began experiencing exacerbation of her medical conditions while employed by Defendant.

19. Following a meeting with Defendant's Vice President of Risk Adjustment, Rajesh Thakkar ("Mr. Thakkar") in or around January 2023, Plaintiff found it impossible for her to manage her disability while performing her work duties and thereafter sought medical attention.

20. As such, in or around February 2023, Plaintiff put in a request to take Short Term Disability Leave ("STDL") through Defendant's third-party leave administrator.

21. As is required by Defendant's policies, Plaintiff notified management of this request.

22. Plaintiff requested this accommodation in order to allow her the ability to manage her disability and return to work able to perform her duties without it negatively impacting her health.

23. In her request for leave accommodations, Plaintiff included all required information and was approved to take leave until May 2023.

24. In or around May 25, 2023, Plaintiff returned to work at her position with Defendant.

25. However, after returning to work in or around May 26, 2023, Plaintiff once again began to experience exacerbating symptoms related to her disability, which occurred due to her return to work.

26. The next day, Plaintiff received a notification from Mr. Thakkar on or around May 26, 2023, notifying Plaintiff that she was being terminated for job abandonment.

27. Specifically, Mr. Thakkar notified Plaintiff on or around May 26, 2023, that her STDL request was denied on or around May 23, 2023, after she had already returned to work on or around May 26, 2023.

28. Upon information and belief, Defendant had not notified Plaintiff of the denial of her STDL request prior to her return to work on or around May 26, 2023.

29. Plaintiff was shocked and immediately informed Mr. Thakkar that she had not

4

abandoned her job and had already returned to work on or around May 26, 2023, a day before the notice of termination was sent to her.

30. Plaintiff was able to preserve her employment with Defendant, though the stress caused by the notice of termination further exacerbated her serious medical condition.

31. Following Plaintiff's return to work in or around May 26, 2023, Plaintiff continued to perform her work duties in an exemplary manner.

32. Upon seeking continued medical treatment and obtaining the advice of Plaintiff's treating physician, Plaintiff once again submitted a request for STDL in or around June 26, 2023.

33. Upon information and belief, Plaintiff submitted her second request for STDL through Defendant's third-party leave administrator via an online portal in or around June 26, 2023.

34. Plaintiff similarly notified management of Defendant in accordance with its policies.

35. Upon information and belief, Plaintiff requested STDL from the dates beginning in or around June 27, 2023, until October 2023.

36. Plaintiff began her leave on June 27, 2023.

37. In or around July 7, 2023, Plaintiff received a request for additional documents in relation to her second request for STDL.

38. Plaintiff previously did not receive such request for her earlier leave.

39. Upon information and belief, the July 7, 2023, request for additional information was sent to Plaintiff via electronic mail with a form to be completed by Plaintiff's

medical provider.

40. In or around July 7, 2023, Plaintiff brought a copy of the form to her medical provider to be filled out.

41. Upon information and belief, Plaintiff's medical provider completed the form and faxed it back to Defendant's disability department in or around July 7, 2023.

42. Plaintiff received a notice from her employer on or about July 17, 2023, requesting additional information within three (3) days, which was odd as Defendant previously requested information within ten (10) days.

43. Notwithstanding, Plaintiff responded within three (3) days by submitting information at approximately 8:00 PM on or about July 20, 2023.

44. In or around July 20, 2023, Plaintiff was shocked to receive another notice from Defendant's Human Resources department stating that Plaintiff was being terminated for job abandonment for having not come to work since June 26, 2023.

45. Plaintiff was worried and confused to receive such a notice as she had not received a denial of her STDL request from June 26, 2023.

46. Upon information and belief, Defendant did not take any action to contact Plaintiff about potential adverse employment actions at any point between June 26, 2023, and July 16, 2023.

47. Plaintiff immediately responded to Defendant's notice explaining that she had not abandoned her job and had timely responded to Defendant's correspondence.

48. Defendant responded that Plaintiff's response was too late and would not be considered.

49. By suddenly terminating Plaintiff's employment, Defendant failed in its responsibility to engage in an interactive dialogue with Plaintiff regarding her disability and request for accommodations.

50. By suddenly terminating Plaintiff's employment instead of providing Plaintiff with the ability to provide any additional documents required to have her request for STDL approved, Defendant made it impossible for Plaintiff to engage in an interactive dialogue with Defendant to effectuate the purpose of the ADA and CADA.

51. By refusing to consider Plaintiff's timely response, Defendant engaged in retaliation for Plaintiff's requests for time off to take care of her serious health condition.

52. Prior to Plaintiff's request for STDL in or around June 26, 2023, Plaintiff never received a negative performance review.

53. It is clear from the temporal proximity of Plaintiff's request for reasonable accommodation (as well as Defendant's refusal to consider Plaintiff's timely response) and the termination of employment she faced that the reason to terminate Plaintiff's employment was discriminatory and/or retaliatory in nature arising out of her disability.

54. Rather than reasonably accommodate Plaintiff's documented serious health condition and disability, Defendant callously terminated Plaintiff's employment.

55. Accordingly, Plaintiff has been unlawfully discriminated and/or retaliated against on the basis of her disability and for requesting an accommodation.

56. Defendant acted intentionally and intended to harm Plaintiff.

57. Defendant treated Plaintiff this way due to her disability and for requesting an accommodation.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, such as health insurance, special damages, and great inconvenience.

59. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

60. Plaintiff's harm is continuing in nature, as due to the termination of her employment by Defendant, Plaintiff lost her health insurance for a period of time, and was unable to afford medication and other necessary medical care to treat her condition.

61. Plaintiff was disabled within the meaning of the ADA and CADA and/or Plaintiff perceived Plaintiff to be disabled.

62. Plaintiff is a qualified individual who can perform the essential functions of her employment with a reasonable accommodation as defined by § 12111(8) of the ADA and CADA.

63. At all times relevant, Plaintiff's disability was a physical and/or mental impairment that substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA and CADA, including, but not limited to, performing manual tasks, eating, sleeping, and speaking.

64. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff.

65. The above are just some of the ways Defendant discriminated against Plaintiff while employing her.

66. Plaintiff felt offended, disturbed, and humiliated by the blatantly unlawful and

discriminatory termination.

67. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

68. As such, Plaintiff demands punitive damages against Defendant.

## V.     COUNT I

### Violations of the Americans with Disabilities Act (Discrimination)

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

70. Plaintiff is an individual with a disability under Title I of the ADA and CADA because she has a physical impairment that substantially limits a major life activity, including but not limited to, performing manual tasks, eating, sleeping, and speaking.

71. Plaintiff is an aggrieved party under Title I of the ADA and CADA because she was subjected to unlawful employment practices, including failure to participate in good faith in the reasonable accommodations process, refusal to provide reasonable accommodations, interference with her in the exercise and enjoyment of her rights under Title I of the ADA and CADA and on account of her exercise of her rights under Title I of the ADA and CADA, and unlawful termination from her employment.

72. At all relevant times, Plaintiff has been a qualified individual with a disability because she satisfied all of the minimum requirements for the position and would have been able to satisfactorily perform all of the essential functions of her position with reasonable accommodations.

73. Section 12112 of the ADA, titled "Discrimination," provides:

> (a) General rule.- No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

74. Defendant, through its employees, officers, and agents discriminated against Plaintiff on the basis of disability in violation of Title I of the ADA and implementing regulations by refusing to participate in the accommodation process, failing to accommodate Plaintiff, terminating Plaintiff, and interfering with her in the exercise and enjoyment of her rights under Title I of the ADA and CADA and on account of her exercise of her rights under Title I of the ADA and CADA, as set forth herein.

75. As a result of Defendant's discriminatory conduct and practices, Plaintiff has suffered damages, including but not limited to loss of wages, benefits and other expenses, as well as emotional distress, and will continue to suffer damages.

## VI.   COUNT II

### Violations of the Americans with Disabilities Act (Retaliation)

76. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

77. The ADA and CADA prohibits retaliation, interference, coercion, or intimidation.

78. Section 12203 of the ADA provides:

> (a) Retaliation. No person shall discriminate against any individual

10

> because such individual has opposed nay act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

79. Defendant violated this section as set forth herein.

## VII.   COUNT III

### Violations of the Colorado Anti-Discrimination Act (Discrimination)

80. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

81. Defendant is an "employer" within the meaning of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-301, *et seq.*

82. Defendant engaged in an unlawful employment practice when it discharged Plaintiff because of her disability. C.R.S. § 24-34-402.

83. Defendant, through its employers, officers, and agents, discriminated against Plaintiff on the basis of disability in violation of ACRA by refusing to participate in the accommodation process, failing to accommodate Plaintiff, and terminating Plaintiff, as set

11

forth herein. C.R.S. § 24-34-402.

84. Plaintiff is a qualified person with a disability within the meaning of C.R.S. § 24-34-301(2).

85. The effect of Defendant's actions has been to deprive Plaintiff of equal employment opportunities and to adversely affect her status as an employee because of her disability in violation of C.R.S. § 24-34-402.

## VIII. COUNT IV

### Violations of the Colorado Anti-Discrimination Act (Retaliation)

86. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

87. Defendant is an "employer" within the meaning of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-301, *et seq.*

88. Defendant engaged in an unlawful employment practice when it retaliated against Plaintiff for opposing Defendant's discriminatory employment practices and for threatening to lodge a complaint of disability discrimination, as set forth herein. C.R.S. § 24-34-401, *et seq.*

89. Plaintiff is a qualified person with a disability within the meaning of C.R.S. § 24-34-301(2).

90. The effect of Defendant's action has been to deprive Plaintiff of equal employment opportunities and to adversely affect her status as an employee because of her disability in violation of C.R.S. § 24-34-401.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant for the following:

(A) Declaratory judgment that Defendant engaged in unlawful employment practices prohibited by the ADA and CADA, in that Defendant discriminated against Plaintiff on the basis of her actual and/or perceived disability and requesting an accommodation;

(B) An award of damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

(C) An award of compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

(D) An award of punitive damages;

(E) An award of costs and reasonable attorneys' fees incurred in the prosecution of the action; and

(F) Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## X. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 8th day of January 2025.

        */s/ Emanuel Kataev*
        Emanuel Kataev, Esq.
        **CONSUMER ATTORNEYS, PLLC**
        72-47 139th Street
        Flushing, NY, 11367-2321
        T: (718) 412-2421 (office)
        F: (718) 489-4155 (facsimile)
        E: ekataev@consumerattorneys.com (e-mail)

        *Attorneys for Plaintiff*
        *Michelle Ramirez*