**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00061-KAS

MICHELLE RAMIREZ,

    Plaintiff,

v.

THE ELEVANCE HEALTH COMPANIES, INC.,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

---

Defendant The Elevance Health Companies, Inc., ("Elevance" or "Defendant") through its attorneys Constangy, Brooks, Smith & Prophete, LLP, hereby moves the Court to dismiss Plaintiff Michelle Ramirez ("Plaintiff's") Complaint (Dkt. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) due to Plaintiff's failure to timely exhaust her claims. As grounds for this Motion, Elevance Health states as follows:

### I.  PROCEDURAL HISTORY

Plaintiff filed her Complaint on January 8, 2025. Dkt. 1. She alleges four claims of discrimination and retaliation in violation of Title I of the Americans with Disabilities Act ("ADA") and Colorado Anti-Discrimination Act ("CADA"). *Id.*[1] The claims that Plaintiff asserts relate to Elevance Health's termination of Plaintiff's employment. *Id.*, ¶¶44-90. Specifically,

---

[1] The Complaint was served upon Defendant via process server on January 17, 2025. *See* Dkt. 5, at 4.

Plaintiff alleges that, by terminating her employment, Elevance Health violated the ADA and CADA by discriminating against her on the basis of her disability, failing to engage in the interactive process, interfering with her rights, and retaliating against her for engaging in protected activity. *See id.*

Plaintiff alleges that she was terminated on July 20, 2023. Dkt. 1, ¶44. She further alleges that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 17, 2024, *id.*, ¶3,[2] which would be 323 days after her July 20, 2023 termination. In the Complaint, Plaintiff states that she received a Notice of Right to Sue from the EEOC on October 10, 2024. *Id*., ¶4. In the Notice of Right to Sue—which Plaintiff attached to her Complaint—[3]the EEOC stated that it was "closing this charge because [the] charge was not filed within the time limits under the law; in order words, [plaintiff] waited too long after the date of the alleged discrimination to file [her] charge." Dkt. 1-3.

---

[2] Defendant disputes Plaintiff's characterization that she submitted a Charge of Discrimination on June 17, 2024 and asserts that Plaintiff did not actually file the Charge until months later. However, given that even the earlier June 17, 2024 date on which Plaintiff alleges that she filed the Charge would render the Charge untimely, Defendant will use the June 17, 2024 date solely for purposes of this Motion.

[3] The Court may consider documents attached to the Complaint when ruling upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(b)(1). *E.g.*, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (treating facial 12(b)(1) challenges under the "same standards" as a 12(b)(6) motion to dismiss).

## II.  ARGUMENT AND AUTHORITIES

### A. This Court Must Dismiss Plaintiff's CADA Claims Pursuant to Fed. R. Civ. P. 12(b)(1).

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over the claims for relief asserted in the complaint. *E.g.*, *Jackson v. City & Cnty. of Denver*, 2012 WL 4355556, at *1 (D. Colo. Sept. 24, 2012) When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995)).

CADA provides that: "No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4, 5, and 7 of this article . . . without first exhausting the proceedings and remedies available to the person under this part 3 . . . . ." Colo. Rev. Stat. § 24-34-306(14). The Colorado Supreme Court has held that "section 24-34-306(14) was intended to require . . . an individual claimant exhaust administrative remedies for claims brought pursuant to [CADA]," *Brooke v. Rest. Servs., Inc.*, 906 P.2d 66, 72 (Colo. 1995), and has noted that exhaustion is "a condition precedent to bringing an action in district court," *City of Colorado Springs v. Conners*, 993 P.2d 1167, 1169 n.3 (Colo. 2000)). Thus, Plaintiffs alleging a claim under CADA must exhaust their jurisdictional remedies by timely filing a Charge of Discrimination, and exhaustion is a prerequisite to the Court exercising subject matter jurisdiction over the claim. *E.g., Lasser v. Charter Commc'ns, Inc.*, 2020 WL 2309506, at *3 (D. Colo. Feb. 10, 2020).

Accordingly, the majority of decisions from courts in this district have dismissed for lack of subject matter jurisdiction CADA claims in which the plaintiff failed to exhaust administrative remedies. *See, e.g., Jackson v. City & Cty. of Denver*, 2012 WL 4355556, at *2 (D. Colo. Sept. 24,

3

2012); *Kane v. Honeywell Hommed, LLC*, 2012 WL 4463701, at *2 (D. Colo. Sept. 26, 2012); *Smallwood v. Denver Pub. Sch*., 2016 WL 447558, at *1 (D. Colo. Feb. 5, 2016) (adopting the magistrate's recommendation that the court dismiss the plaintiff's CADA claim for lack of subject-matter jurisdiction); *Brooks v. Denver Pub. Sch*., 2017 WL 5495793, at *7 (D. Colo. Nov. 16, 2017) ("Because failure to exhaust in this context deprives the district court of subject matter jurisdiction, a plaintiff must allege exhaustion in the complaint to establish the court's jurisdiction."). For these reasons, the defendant may seek the dismissal of a CADA claim for lack of exhaustion pursuant to Fed. R. Civ. P. 12(b)(1). *E.g., Lasser v. Charter Commc'ns, Inc*., 2020 WL 2309506, at *4 (D. Colo. Feb. 10, 2020) ("Although Defendant Brown brings his motion under Fed. R. Civ. P. 12(b)(6), given the jurisdictional implications of failure to exhaust administrative remedies under CADA, the Motion is properly characterized a factual attack on the Court's subject matter jurisdiction.").

As detailed above, Plaintiff asserts claims of discrimination and retaliation under CADA pertaining to Elevance Health's decision to terminate Plaintiff's employment on July 20, 2023. Dkt. 1, ¶¶44, 80-90. Plaintiff alleges that she filed a Charge of Discrimination with the EEOC on or about June 17, 2024, Dkt. 1, ¶3, which was 323 days after she was terminated. Plaintiff accordingly did not timely exhaust her administrative remedies by filing a Charge of Discrimination within 300 days of the alleged discriminatory and retaliatory act. *See, e.g.*, *Steele v. Stallion Rockies Ltd*, 106 F. Supp. 3d 1205, 1216 (D. Colo. 2015) ("The ADEA, ADA, and CADA require a party to exhaust administrative remedies within 300 days or less of the alleged unlawful practice."). Indeed, in the EEOC's Notice of Right to Sue, it noted that Plaintiff's Charge of Discrimination was untimely. Dkt. 1-3.

4

Given that Plaintiff cannot cure her failure to exhaust, this Court should dismiss her CADA claims in their entirety with prejudice. *E.g., Rosales v. Walmart, Inc.*, 2022 WL 17039227, at *6 (D. Colo. Nov. 17, 2022) (dismissing ADA claim with prejudice "because [the plaintiff] is already well beyond the 300-day deadline to file a second charge of discrimination asserting a disparate impact theory of discrimination based on the same events that are the subject of her Complaint"); *Richards v. Lockheed Martin Corp.*, 2024 WL 1667203, at *1 (D. Colo. Mar. 13, 2024), *appeal dismissed*, 2024 WL 4540933 (10th Cir. May 29, 2024) ("Because the Court is dismissing Plaintiff's Amended Complaint due to his clear failure to exhaust his administrative remedies, it will do so with prejudice."); *Douglas v. Norton*, 167 F. App'x 698, 699 (10th Cir. 2006) (affirming district court's dismissal due to the plaintiff's failure to exhaust his EEOC administrative remedies, but remanding with direction to dismiss with prejudice); *Martinez v. Million Air Mech. Inc.*, 2022 WL 843889, at *3 (D. Colo. Mar. 22, 2022) (recommending dismissal with prejudice where the plaintiff failed to exhaust administrative remedies, explaining that "the timeliness analysis . . . is functionally indistinguishable from a traditional statute of limitations analysis, and it bars any future claim by Mr. Martinez seeking redress for employment discrimination and retaliation that took place in 2019."), *report and recommendation adopted*, 2022 WL 21851574 (D. Colo. July 8, 2022).[4]

---

[4] Even further, Plaintiff attached to her Complaint only a Notice of Right to Sue from the EEOC (which noted that her Charge was untimely). Plaintiff's failure to provide a Notice of Right to Sue from the CCRD provides additional grounds for concluding that Plaintiff failed to exhaust her CADA claims. *E.g., Littlewood v. Novartis Pharms. Corp.*, 2022 WL 3081919, at *7 (D. Colo. Aug. 3, 2022) ("This Court agrees with other courts in this district that have addressed this issue and concluded that a notice of right to sue from the EEOC is not sufficient to demonstrate exhaustion of administrative remedies for purposes of a CADA claim."); *Jackson v. City & Cnty. of Denver*, 2012 WL 4355556, at *2, n.1 (D. Colo. Sept. 24, 2012) ("Accordingly, without a notice

### B. This Court Must Dismiss Plaintiff's ADA Claims Pursuant to Fed. R. Civ. P. 12(b)(6).

As was true of her CADA claims, Plaintiff failed to timely exhaust her ADA claims. This warrants her claims being dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Tenth Circuit has clarified that the exhaustion of administrative remedies is not a jurisdictional pre-requisite to an ADA employment discrimination claim, but rather an affirmative defense which may be raised in a motion to dismiss where, as here, the grounds for the defense appear on the face of the complaint. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018); *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint.") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Richards v. Lockheed Martin Corp.*, 2024 WL 1667208, at *4 (D. Colo. Feb. 26, 2024), *report and recommendation adopted*, 2024 WL 1667203 (D. Colo. Mar. 13, 2024), *appeal dismissed*, 2024 WL 4540933 (10th Cir. May 29, 2024) (dismissing with prejudice a plaintiff's ADA claims due to the plaintiff's failure to file a charge with the EEOC within 300 days of the alleged discrimination).

To recover for a claim of employment discrimination under the ADA, a plaintiff must first file a Charge of Discrimination with the EEOC within three hundred days of the alleged discrimination. *E.g., Richards v. Lockheed Martin Corp.*, 2024 WL 1667208, at *3 (D. Colo. Feb. 26, 2024), *report and recommendation adopted*, 2024 WL 1667203 (D. Colo. Mar. 13, 2024), *appeal dismissed,* 2024 WL 4540933 (10th Cir. May 29, 2024). As detailed above, Plaintiff's ADA claims pertain to Elevance Health's decision to terminate Plaintiff's employment on July 20, 2023.

---

of right to sue from the CCRD, the Court finds that plaintiff has not sufficiently alleged that he exhausted administrative remedies for his CADA claim. Colo. Rev. Stat. § 24–34–306(14).").

Dkt. 1, ¶¶44-57. Accordingly, Plaintiff had 300 days from that date—or until May 15, 2024—to file a Charge of Discrimination. Plaintiff alleges that she did not file a Charge of Discrimination until June 17, 2024, Dkt. 1, ¶3, which was over a month past the deadline. Plaintiff accordingly did not (and now cannot) timely exhaust her ADA claims. The Court should accordingly dismiss her claims with prejudice given that she cannot cure this defect. *E.g.*, *Rosales*, 2022 WL 17039227, at *6 (dismissing ADA claim with prejudice "because [the plaintiff] is already well beyond the 300-day deadline to file a second charge of discrimination asserting a disparate impact theory of discrimination based on the same events that are the subject of her Complaint"); *Richards*, 2024 WL 1667203, at *1 ("Because the Court is dismissing Plaintiff's Amended Complaint due to his clear failure to exhaust his administrative remedies, it will do so with prejudice."); *Douglas*, 167 F. App'x 698, 699 (affirming the district court's dismissal due to the plaintiff's failure to exhaust his EEOC administrative remedies, but remanding with direction to dismiss with prejudice); *Martinez*, 2022 WL 843889, at *3 (recommending dismissal with prejudice where the plaintiff failed to exhaust administrative remedies, explaining that "the timeliness analysis . . . is functionally indistinguishable from a traditional statute of limitations analysis, and it bars any future claim by Mr. Martinez seeking redress for employment discrimination and retaliation that took place in 2019.").

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims with prejudice and provide any further relief that the Court deems necessary.

Respectfully submitted this 7th day of February, 2025.

                                            **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Jim Goh*
Jim Goh
Rayner Mangum
1801 Broadway
Suite 529
Denver, CO 80202
Telephone: 720.343.7560
Facsimile: 720.343.7561
jgoh@constangy.com
rmangum@constangy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 7th day of February, 2025, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Emanuel Kataev
CONSUMER ATTORNEYS, PLLC
72-47 139th Street
Flushing, NY 11367-2321
ekataev@consumerattorneys.com


                s/ Hannah Caisse
                ***Hannah Caisse,*** Paralegal