# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

MICHELLE RAMIREZ,

                         Plaintiff,

       v.

THE ELEVANCE HEALTH COMPANIES, INC.,

                         Defendant.

**Case No.: 1:25-cv-61 (KAS)**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANT'S MOTION TO DISMISS</u>**

**CONSUMER ATTORNEYS, PLLC**
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Michelle Ramirez*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ................................................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

      I.      LEGAL STANDARD FOR EQUITABLE TOLLING ..................................... 3

      II.     RAMIREZ IS ENTITLED TO EQUITABLE TOLLING................................. 4

      III.    CADA CLAIM ................................................................................................ 6

      IV.    LEAVE TO REPLEAD MUST BE GRANTED IN THE EVENT OF DISMISSAL .................................................................................................... 7

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Arellano v. McDonough,
    143 S. Ct. 543 (2023) .................................................................................................... 3

Arnold v. Air Midwest, Inc.,
    100 F.3d 857 (10th Cir. 1996) ..................................................................................... 4

Bhatti v. SSM Health Care of Oklahoma, Inc.,
    No. CIV-19-0655-F, 2021 WL 40275 (W.D. Okla. Jan. 5, 2021) ........................................ 5-6

Calderon v. Kansas Dept. of Social and Rehab. Svcs,
    181 F.3d 1180 (10th Cir.1999) ..................................................................................... 7

Carlile v. S. Routt Sch. Dist.,
    652 F.2d 981 (10th Cir. 1981) ..................................................................................... 3

Cottrell v. Newspaper Agency Corp.,
    590 F.2d 836 (10th Cir. 1979) ..................................................................................... 3

Graham v. United States,
    2022 WL 622000 (D. Colo., March 3, 2022) ............................................................... 7

Gray v. Phillips Petroleum Co.,
    858 F.2d 610 (10th Cir. 1988) ..................................................................................... 5

Irwin v. Dep't of Veterans Affairs,
    498 U.S. 89 (1990) ..................................................................................................... 3

Kansas City S. Ry. Co. v. United States,
    282 U.S. 760 (1931) .................................................................................................... 7

Kina v. Dept. of Children and Families Vocational Rehabilitation Services,
    2021 WL 2822536 (D. Kan. 7/7/2021) ....................................................................... 6

Landis v. N. Am. Co.,
    299 U.S. 248 (1936) .................................................................................................... 7

Lozano v. Montoya Alvarez,
    72 U.S. 1 (2014) ......................................................................................................... 3

Mack v. J.M. Smucker Co.,
    No. 21-4038-SAC-ADM, 2021 WL 4476792 (D. Kan. Sept. 30, 2021) ................................. 5

Martinez v. Orr,
    738 F.2d 1107 (10th Cir. 1984) ................................................................................ 4

Montoya v. Chao,
    296 F.3d 952 (10th Cir. 2002) ............................................................................... 3-4

Pietras v. Board of Fire Com'rs,
    180 F.3d 468 (2nd Cir. 1999)................................................................................... 4

Purrington v. University of Utah,
    996 F.2d 1025 (10th Cir. 1993) ............................................................................... 4

Slayton v. Bayfield Sch. Dist.,
    No. 1:24-CV-00930-NYW-KAS, 2024 WL 4979422, (D. Colo. Dec. 4, 2024) ..................... 4

Surrell v. California Water Service Co.,
    518 F.3d 1097 (9th Cir. 2008) ................................................................................. 4

Wang v. Hsu,
    919 F.2d 130 (10th Cir. 1990) ................................................................................. 7

Zipes v. Trans World Airlines, Inc.,
    455 U.S. 385 (1982)............................................................................................... 4

**Rules**

Fed. R. Civ. P. 15............................................................................................................ 7

## PRELIMINARY STATEMENT

Plaintiff Michelle Ramirez (hereinafter "Plaintiff" or "Ramirez") respectfully submits the instant memorandum of law in opposition to the Defendant The Elevance Health Companies, Inc.'s (hereinafter "Defendant") motion to dismiss based on statute of limitations grounds.

Although Plaintiff's June 17, 2024 charge was technically untimely, as set forth in Plaintiff's declaration in opposition, Ramirez did timely file a charge in January 2024. However, she was incorrectly informed by a representative of the United States Equal Employment Opportunity Commission ("EEOC") that the January 2024 charge was untimely as it was filed 187 days after the last discriminatory and/or retaliatory act complained of. The EEOC representative's statement was incorrect because the January 2024 charge was, in fact, timely, given the 300-day statute of limitations period in which Ramirez could file a charge of discrimination since Colorado is a state which has its own fair employment practices agency.

As to the Colorado Anti-Discrimination Act ("CADA") claim, Defendant argues that Plaintiff failed to obtain a notice of right to sue from the Colorado Civil Rights Division ("CCRD"). Plaintiff has investigated this claim and has determined it to be true; however, the CCRD never processed Plaintiff's dual-filed charge, and Plaintiff is in discussions with the CCRD as to her request to provide the required notice of right to sue. As such, this Court should stay any determination of the CADA claim until Plaintiff submits the required notice of right to sue.

As a result, because Ramirez was misled by the EEOC concerning the validity of her otherwise timely charge, Plaintiff is entitled to: (i) equitable tolling for the short thirty-two (32) day period between May 15, 2024 and June 17, 2024 when she refiled her charge of discrimination because the EEOC would not permit her to proceed with her earlier-filed charge; and (ii) a stay of her CADA claim pending receipt of a notice of right to sue from the CCRD.

Accordingly, Defendants' motion to dismiss should be denied.

## FACTS

On July 20, 2023, Plaintiff was unlawfully terminated from her employment with the Defendant. See Declaration of Michelle Ramirez in Opposition ("Ramirez Decl.") ¶ 3. On January 23, 2024, Plaintiff filed a charge with the EEOC bearing Charge No.: 541-2024-01387. See Id.[1] ¶ 4, Plaintiff's Exhibit ("Ex.") "1"  At the time that she filed the charge, only 187 days had passed since her termination, and Ramirez is now advised that this is well within the 300-day deadline to timely file a charge. Id. at ¶ 5.  On the same date that Plaintiff filed the January 23, 2024 charge, she called the EEOC and a representative informed her that her charge was untimely. Id. at ¶ 6. This was a false statement of fact as Plaintiff has now been advised by her counsel. Id. at ¶ 7.

In response, during the January 23, 2024 phone call, Plaintiff informed the EEOC representative that her employer retaliated against her by opposing her right to unemployment benefits in November 2023 and asked whether this would constitute a separate discriminatory and/or retaliatory act which would make her charge timely. Id. at ¶ 8.  The EEOC representative told Plaintiff that it would not, which was also a false statement of fact as she has now been advised by her counsel. Id. at ¶¶ 9-10.  Plaintiff later learned through research on my own that the charge was timely but was told by the EEOC that she had to file a new charge, which she did on June 17, 2024, bearing Charge No.: 541-2024-03414. Id. at ¶ 11.  Based on her diligence in timely pursing her rights, the EEOC's false statement that the January 23, 2024 charge was untimely, and the advice of her attorney, Plaintiff respectfully requests that this Court permit equitable tolling of her claims. Id. at ¶ 12.

---

[1] Although the Public Portal indicates that her January 23, 2024 charge is an inquiry, this was not Ramirez's understanding based on her discussion with the EEOC representative, who informed her that her *charge* was untimely the same day.  See Ramirez Decl. ¶ 6.

Plaintiff dual-filed her charge of discrimination with the CCRD.  <u>See</u> Declaration of Emanuel Kataev, Esq. ("<u>Kataev Decl.</u>") ¶ 3, <u>Ex.</u> 1.  The charge was never processed by the CCRD, and thus, was never closed.  <u>See</u> <u>Kataev Decl.</u> ¶ 4, <u>Ex.</u> 2.  As a result, the CCRD is expected to issue a notice of right to sue.  <u>Id.</u> ¶ 5, Plaintiff's <u>Ex.</u> 3.  Plaintiff's counsel explained to the CCRD that Plaintiff is seeking equitable tolling of her federal claims.  <u>Id.</u> ¶ 6.

## <u>ARGUMENT</u>

### I.    Legal Standard for Equitable Tolling

Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations" under certain circumstances.  <u>See</u> <u>Lozano v. Montoya Alvarez</u>, 572 U.S. 1, 10 (2014).   "Equitable tolling 'effectively extends an otherwise discrete limitations period set by Congress.'"  <u>See</u> <u>Arellano v. McDonough</u>, 143 S. Ct. 543, 547 (2023) (<u>quoting</u> <u>Lozano</u>, 572 U.S. 1, 10 (2014)).

Equitable tolling is generally used sparingly but has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period."  <u>See</u> <u>Montoya v. Chao</u>, 296 F.3d 952, 957 (10th Cir. 2002) (<u>quoting</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).

In the context of Title VII, from which the ADA borrows filing periods, the Tenth Circuit has endorsed equitable tolling where circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period."  <u>See</u> <u>Montoya v. Chao</u>, 296 F.3d 952, 957 (10th Cir. 2002) (<u>citing</u> <u>Cottrell v. Newspaper Agency Corp.</u>, 590 F.2d 836, 838-39 (10th Cir. 1979)).

"Equitable tolling might be appropriate, for example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'"  <u>See</u> <u>Montoya</u>, 296 F.3d at 957 (<u>quoting</u> <u>Carlile v. S. Routt Sch. Dist.</u>, 652 F.2d 981, 986 (10th Cir. 1981)).

"'Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, [a court] will permit tolling of the limitations period.'" See Montoya, 296 F.3d at 957 (quoting Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984)). Plaintiff relied to her detriment on the information provided to her by a representative of the EEOC, who informed her that her initial attempt to file a charge of discrimination against Defendant with the EEOC in or around January 23, 2024 was untimely when it was not. This inaccurate information from the EEOC's representative effectively lulled Plaintiff into inaction and precluded her from filing her charge timely, opening the door for equitable tolling in Plaintiff's case.

Ultimately, "[t]he application of equitable doctrines" such as equitable tolling "rests in the sound discretion of the district court." See Slayton v. Bayfield Sch. Dist., No. 1:24-CV-00930-NYW-KAS, 2024 WL 4979422, at *4 (D. Colo. Dec. 4, 2024) (citing Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996)).  In exercising this discretion, the court is cognizant that circumstances can excuse the failure to obtain a right-to-sue letter or the failure to file a timely charge. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (filing a timely charge with the EEOC is subject to waiver, estoppel and equitable tolling); Pietras v. Board of Fire Com'rs, 180 F.3d 468, 474 (2nd Cir. 1999) (failure to obtain a right-to-sue letter is a condition that can be waived by the parties or the court, citing cases from three other circuit courts); Surrell v. California Water Service Co., 518 F.3d 1097, 1105 (9th Cir. 2008) (entitlement to right-to-sue letter is more important than receipt of a right-to-sue letter); Purrington v. University of Utah, 996 F.2d 1025, 1030 (10th Cir. 1993) (timely filing of administrative charge may be equitably tolled where plaintiff has been lulled into inaction by past employer, state or federal agencies or the courts).

## II.    Ramirez is Entitled to Equitable Tolling

Here, Plaintiff proceeded to the best of her ability as a layperson to pursue her claims.

She timely filed a charge of discrimination with the EEOC on January 23, 2024 and later obtained counsel. Plaintiff was not docile in pursuing her rights and was misled by the EEOC concerning the statute of limitations deadline. She therefore falls well within the standard for equitable tolling set by of Montoya and Irwin given that she timely filed a charge that was improperly rejected.

As set forth in her declaration, Plaintiff was deceived by the EEOC when she was informed during her initial attempt to file a charge in January 23, 2024 that her filing was untimely when, in fact, it was well within the 300-day deadline. In that regard, the actions and representations of the EEOC prevented Plaintiff from timely filing a charge of discrimination. Under these circumstances, courts have repeatedly held that equitable tolling is appropriate.

Following the precedent of Purrington, Plaintiff submits that this Court should uphold her ability to pursue her claims as she would have been able to had she not been misled by the EEOC.

Equitable tolling of the EEOC filing period may be appropriate where a plaintiff has been lulled into inaction by the federal agency. See Bhatti v. SSM Health Care of Oklahoma, Inc., No. CIV-19-0655-F, 2021 WL 40275, at *3 (W.D. Okla. Jan. 5, 2021) (citing Gray v. Phillips Petroleum Co., 858 F.2d 610, 615-16 (10th Cir. 1988)). Again, Plaintiff relied the representations of the EEOC by and through its representatives which actively stopped and precluded her from filing her claim against Defendant in a timely manner. Had the EEOC not made a misrepresentation concerning the timeliness of her charge, the January 23, 2024 charge would have been considered timely and well within the 300-day statute of limitations period. Courts have permitted equitable tolling in similar circumstances") (citing Mack v. J.M. Smucker Co., No. 21-4038-SAC-ADM, 2021 WL 4476792, at *4 (D. Kan. Sept. 30, 2021) ("Plaintiff alleges more than once that his administrative complaint was mishandled. Defendants JMS and FWM do not attempt to address

these allegations. Upon due consideration, the court declines to convert JMS's motion to one for summary judgment and finds that the affirmative defense is not properly considered on this record with a Rule 12(b)(6) motion") (citing Kina v. Dept. of Children and Families Vocational Rehabilitation Services, 2021 WL 2822536 *2-3 (D. Kan. July 7, 2021) (denying Rule 12(b)(6) motion arguing that amended EEOC charge was never actually filed, when there were claims of EEOC negligence which would support a claim of exhaustion))); see also Bhatti v. SSM Health Care of Oklahoma, Inc., No. CIV-19-0655-F, 2021 WL 40275, at *3 (W.D. Okla. Jan. 5, 2021) ("Plaintiff has identified passages in his deposition testimony, and has also submitted an affidavit, which support his arguments for estoppel based on the conduct of the EEOC investigator. Despite the clear language in the form signed by the plaintiff, there is a genuine issue as to whether estoppel should bar defendant from relying on the 300-day limitations period. Accordingly, defendant's limitations argument is rejected as a basis for summary judgment on claims alleged under Title VII, the ADA and the ADEA").

As in the foregoing cases, this Court should similarly permit Plaintiff to equitably toll the statute of limitations period.

## III.    The Court Should Stay a Determination of the Motion to Dismiss the CADA Claim

Plaintiff respectfully seeks a stay in relation to her CADA claim pending further investigation pertaining to the status of her charge with the CCRD. Plaintiff has made reasonable efforts to ascertain the status of her dual-filed charge with both the EEOC and CCRD, but has yet to be able to receive the notice of right to sue. Plaintiff by and through her counsel remains in open communications with the CCRD in order to determine the status of her dual filed charge of discrimination. See Kataev Decl. ¶¶ 3-6.

To that end, Plaintiff requests the Court to exercise its authority to stay decision in relation to this claim pending successful investigation and procurement of documents by Plaintiff. Trial courts possess authority in exercising the discretion on whether to grant a stay. See Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Further, courts in this circuit have found that "although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" See Graham v. United States, 2022 WL 622000 (D. Colo., March 3, 2022); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).

In light of this authority and the fact that the CCRD is expected to issue a notice of right to sue, Plaintiff respectfully requests that the Court exercise its authority to stay a determination of the motion to dismiss the CADA claim until Plaintiff obtains a notice of right to sue from the CCRD.

## IV.    Leave to Replead Must Be Granted in the Event of Dismissal

In the event that dismissal is granted, Plaintiff respectfully seeks leave to amend, which shall be freely given when justice so requires. See Fed. R. Civ. P. 15(a). Ordinarily, a granting of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should also grant of leave to replead any of the deficient claims if the plaintiff requests. See Calderon v. Kansas Dept. of Social and Rehab. Svcs ., 181 F.3d 1180,1185–86 (10th Cir.1999)

Accordingly, leave to replead should be granted to the extent Defendant succeeds on its motion to dismiss and any deficiencies are identified by the Court.

**CONCLUSION**

For all the foregoing reasons, Defendant's motion to dismiss the complaint should be denied.

RESPECTFULLY SUBMITTED this 28th day of February 2025.

**CONSUMER ATTORNEYS, PLLC**

_____/s/ Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com (email)

*Attorneys for Plaintiff*
*Michelle Ramirez*