# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00061-KAS

MICHELLE RAMIREZ,

    Plaintiff,

v.

THE ELEVANCE HEALTH COMPANIES, INC.,

    Defendant.

---

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

---

Defendant The Elevance Health Companies, Inc., ("Elevance" or "Defendant") through its attorneys Constangy, Brooks, Smith & Prophete, LLP, hereby submits its Reply in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response") confirms that Plaintiff failed to timely exhaust any of her claims and that her Complaint should be dismissed in its entirety.

## I.    ARGUMENT

In her Response, Plaintiff admits that the sole Charge of Discrimination that she has provided in this case was filed more than 300 days after she was terminated and was thus untimely. *See* Dkt. 9, at 1; *see also* Dkt. 9-3; Dkt. 1-3.[1] Plaintiff asks this Court to equitably toll the

---

[1] The sole Charge of Discrimination that Plaintiff has provided a copy of is dated October 1, 2024. Dkt. 9-3. However, Plaintiff has alleged that it was filed on June 17, 2024. *See, e.g.*, Dkt 1, ¶3.

limitations period due to Plaintiff's allegation that she was deceived by an unidentified individual at the EEOC who purportedly incorrectly told Plaintiff that she had only 180 days within which to file a Charge of Discrimination following her termination and that Plaintiff was already outside that time window as of January 2024. Plaintiff alleges that this purported information resulted in her waiting until June 17, 2024 to (untimely) submit a Charge of Discrimination.[2]

The Supreme Court has made it clear that equitable tolling should be used only "sparingly" and should not be applied to cases involving a "garden variety claim of excusable neglect." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). Further, the Tenth Circuit has limited equitable tolling to "extraordinary" situations such as "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, [or] . . . 'if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)). Further, the Plaintiff bears the burden of establishing that the circumstances warrant equitable tolling. *Dumas v. Proctor & Gamble Mfg. Co.*, 453 F. App'x 819, 820–21 (10th Cir. 2011); *see also Jenkins v. Mabus*, 646 F.3d 1023, 1027–28 (8th Cir. 2011).

In her Complaint, Plaintiff clearly stated that she filed "a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC") on or about June 17, 2024." Dkt. 1, at ¶3; *see also* Dkt. 9, at 1 (Plaintiff conceding that her June 17, 2024 Charge of Discrimination was untimely). Plaintiff now attempts to contradict this

---

[2] As noted above, the sole Charge of Discrimination that Plaintiff has provided a copy of is in fact dated October 1, 2024 rather than June 17, 2024. Dkt. 9-3. An October 1, 2024 filing date would render Plaintiff's Charge of Discrimination even more untimely.

representation by alleging that she had in fact previously filed a Charge of Discrimination (one that she curiously failed to mention when pleading exhaustion in her Complaint) with the EEOC on January 23, 2024. Dkt. 9, at 2. Plaintiff offers no documentation to support the assertion that she submitted a Charge in January. Indeed, Plaintiff points only to a document which contains a single line of text indicating that an "inquiry" (not a Charge of Discrimination) was submitted on January 23, 2024. Dkt. 9-6; *see also* Dkt. 9, at 2, n.1 (Plaintiff conceding that the only documentation she has provided reflects that an unidentified "inquiry" rather than a Charge of Discrimination was submitted on January 23, 2024). Plaintiff has provided no documentation to show what this purported inquiry pertained to; indeed, there is no indication as to whether this inquiry *even pertained to Defendant* or the claims that Plaintiff raises in this lawsuit. *See* Dkt. 9-6.

Further, Plaintiff has not met her burden to establish active deception which would warrant equitable tolling. To meet the requirements for tolling in this case, Plaintiff would have to establish that the EEOC—the agency dedicated to protecting the rights of employees—actively deceived Plaintiff into failing to timely exhaust her administrative remedies. Plaintiff's position is presumably either that: (1) the EEOC did not know basic information pertaining to the 300-day deadline for employees to submit Charges of Discrimination in the state of Colorado and thus incorrectly told Plaintiff that the deadline was 180 days; or (2) that the EEOC did know the filing deadline for Colorado but for whatever reason deliberately chose to misinform Plaintiff of her deadline in order to sabotage her. Either theory defies credulity. *See, e.g., Dumas v. Proctor & Gamble Mfg. Co.*, 453 F. App'x 819, 821 (10th Cir. 2011) (finding that the plaintiff's "bare

3

allegations" pertaining to alleged deception by an unidentified EEOC agent were insufficient to carry the plaintiff's burden of establishing that equitable tolling was warranted).

Similarly, Plaintiff alleges that this same unidentified EEOC representative told her that the solution for the fact that Plaintiff was already outside the purported 180-day time window for filing a Charge would be for Plaintiff to file "a new Charge." Dkt. 9, at 2. This assertion simply makes no sense; if the EEOC's position had been that Plaintiff could not file a Charge of Discrimination on January 23, 2024 because any such Charge would already be untimely, then any later-filed Charge of Discrimination would be even more untimely and certainly would not cure a timeliness problem.

Relatedly, Plaintiff's assertion that the EEOC's process for handling an untimely Charge of Discrimination is to simply prevent workers from filing the Charge in the first place is belied by the evidence and the well-established practices of the EEOC. Indeed, with respect to the Charge of Discrimination that Plaintiff claims that she did in fact (untimely) file in June of 2024 (although it is dated October 1, 2024, *see* Dkt. 9-3), the EEOC accepted the Charge but then issued a Notice of Right to Sue explaining that the EEOC was closing the Charge because Plaintiff's "charge was not filed within the time limits under the law." Dkt. 1-3. Thus, the EEOC did not prevent Plaintiff from submitting an untimely Charge of Discrimination; it simply dismissed the Charge due to its untimeliness.

Lastly, Plaintiff asserts that, upon being told by the EEOC on January 23, 2024 that she needed to file "a new Charge," she responded by waiting 5 months—until June 17, 2024—to

4

submit a Charge of Discrimination.[3] She offers no justification for this delay. Notably, the 300-day window for Plaintiff to file a Charge of Discrimination ended on May 15, 2024. Thus, Plaintiff had roughly 4 months following her alleged January 2024 communication with the EEOC in which she could have timely submitted a Charge. She simply failed to do so. Thus, even if Plaintiff's representations about her communication with the EEOC were to be believed, her failure to take any action for five months would show that Plaintiff has not been diligent in seeking to exhaust her administrative remedies. Given that tolling is an equitable remedy, Plaintiff's unjustified delay demonstrates that tolling should not be applied in this case.

Plaintiff's arguments pertaining to the CCRD purportedly being able to issue her a Notice of Right to Sue are equally unavailing. Plaintiff acknowledges that she is seeking a Notice of Right to Sue from the CCRD in connection with Plaintiff's June 17, 2024 Charge of Discrimination. Plaintiff concedes that this Charge was untimely filed. *See* Dkt. 9, at 6-7. Thus, even if Plaintiff could now obtain a Notice of Right to Sue from the CCRD in connection with the June 2024 Charge, this would have no impact on the fact that Plaintiff failed to timely exhaust her claims.

Lastly, the Court should not grant Plaintiff leave to replead and should instead dismiss Plaintiff's claims with prejudice. As detailed above, the sole Charge of Discrimination that Plaintiff has provided in this case was untimely filed, and Plaintiff has failed to meet her burden of establishing that this is an "extraordinary" case warranting equitable tolling of the limitations period. Plaintiff cannot cure her failure to timely exhaust her claims by repleading given that she is already well beyond the 300-day deadline for exhaustion. *E.g., Rosales*, 2022 WL 17039227, at

---

[3] Again, while Plaintiff asserts that she filed this Charge on June 17, 2024, the Charge she has provided is dated October 1, 2024. Dkt. 9-3. An October 1, 2024 filing date would mean that Plaintiff waited roughly eight and a half months following her phone call with the EEOC to file a Charge.

5

\*6 (dismissing ADA claim with prejudice "because [the plaintiff] is already well beyond the 300-day deadline to file a second charge of discrimination asserting a disparate impact theory of discrimination based on the same events that are the subject of her Complaint"); *Richards v. Lockheed Martin Corp.*, 2024 WL 1667208, at \*3 (D. Colo. Feb. 26, 2024), *report and recommendation adopted*, 2024 WL 1667203 (D. Colo. Mar. 13, 2024), *appeal dismissed,* 2024 WL 4540933 (10th Cir. May 29, 2024) ("Because the Court is dismissing Plaintiff's Amended Complaint due to his clear failure to exhaust his administrative remedies, it will do so with prejudice."); *Douglas v. Norton*, 167 F. App'x 698, 699 (10th Cir. 2006) (affirming the district court's dismissal due to the plaintiff's failure to exhaust his EEOC administrative remedies, but remanding with direction to dismiss with prejudice); *Martinez v. Million Air Mech. Inc.*, 2022 WL 843889, at \*3 (D. Colo. Mar. 22, 2022)  (recommending dismissal with prejudice where the plaintiff failed to exhaust administrative remedies, explaining that "the timeliness analysis . . . is functionally indistinguishable from a traditional statute of limitations analysis, and it bars any future claim by Mr. Martinez seeking redress for employment discrimination and retaliation that took place in 2019.").

## II.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's claims with prejudice and provide any further relief that the Court deems necessary.

Respectfully submitted this 14th day of March, 2025.

        **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Jim Goh*
Jim Goh
Rayner Mangum
1801 Broadway
Suite 529
Denver, CO 80202
Telephone:  720.343.7560
Facsimile:   720.343.7561
jgoh@constangy.com
rmangum@constangy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 14th day of March, 2025, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Emanuel Kataev
CONSUMER ATTORNEYS, PLLC
72-47 139th Street
Flushing, NY 11367-2321
ekataev@consumerattorneys.com

                                          s/ Hannah Caisse
                                          *Hannah Caisse,* Paralegal