## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHELLE RAMIREZ,

                 Plaintiff,

v.

THE ELEVANCE HEALTH, INC.,

                 Defendant.

**Case No.: 1:25-cv-00061-GPG-KAS**

---

## SCHEDULING ORDER

---

### 1.    DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

*[Provide the date of the conference and the names, addresses, and telephone numbers* of counsel

for each party and each pro se party. Identify by name the party represented by each counsel.]

The 26(f) Conference was held on March 19, 2025

Emanuel Kataev, Esq. on behalf of Plaintiff
**CONSUMER ATTORNEYS, PLLC**
6829 Main Street
Flushing, NY 11367-1305
T: (718) 412-2421

Rayner Mangum on behalf of Defendant
**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
1801 Broadway, Suite 529
Denver, CO 80202
Telephone: 720.343.7560

## 2.    STATEMENT OF JURISDICTION

*[Provide a concise statement of the basis for subject matter jurisdiction with* appropriate

statutory citations.  If jurisdiction is denied, give the specific reason for the denial.]

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §

1331 because there are questions of federal law arising under Section 107(a) of the ADA, 42 U.S.C.

§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a and has supplemental jurisdiction over related state claims

against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of

operative facts.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

Prior to Plaintiff Michelle Ramirez's (hereinafter "Plaintiff" or "Ramirez")

employment with Defendant The Elevance Health, Inc. (hereinafter "Defendant" or

"Elevance"), Plaintiff was diagnosed with a variety of medical conditions; namely, bipolar II

disorder, attention-deficit/hyperactive disorder, post-traumatic stress disorder, major

depressive disorder, and anxiety disorder. Plaintiff's medical conditions fall under the

definition of a "Disability" under the ADA and CADA. Upon information and belief, Plaintiff

first received her diagnosis in or around 2015.

In or around October 8, 2022, Plaintiff began working for Defendant as a "Director of

Risk Adjustment." In or about November 2022, Plaintiff began experiencing exacerbation of

her medical conditions while employed by Defendant. Following a meeting with Defendant's

Vice President of Risk Adjustment, Rajesh Thakkar in or around January 2023, Plaintiff found it impossible for her to manage her disability while performing her work duties and thereafter sought medical attention. As such, in or around February 2023, Plaintiff put in a request to take Short Term Disability Leave ("STDL") through Defendant's third-party leave administrator. As is required by Defendant's policies, Plaintiff notified management of this request. Plaintiff requested this accommodation in order to allow her the ability to manage her disability and return to work able to perform her duties without it negatively impacting her health.

In her request for leave accommodations, Plaintiff included all required information and was approved to take leave until May 2023. In or around May 25, 2023, Plaintiff returned to work at her position with Defendant. However, after returning to work in or around May 25, 2023, Plaintiff once again began to experience exacerbating symptoms related to her disability, which occurred due to her return to work. The next day, Plaintiff received a notification from Mr. Thakkar on or around May 26, 2023, notifying Plaintiff that she was being terminated for job abandonment. Specifically, Mr. Thakkar notified Plaintiff on or around May 26, 2023, that her STDL request was denied on or around May 23, 2023, after she had already returned to work on or around May 25, 2023.

Upon information and belief, Defendant had not notified Plaintiff of the denial of her STDL request prior to her return to work on or around May 25, 2023. Plaintiff was shocked and immediately informed Mr. Thakkar that she had not abandoned her job and had already returned to work on or around May 25, 2023, a day before the notice of termination was sent to her. Upon information and belief, Plaintiff submitted her second request for STDL through Defendant's third-party leave administrator via an online portal in or around June 26, 2023.

3

Plaintiff similarly notified management of Defendant in accordance with its policies. Upon information and belief, Plaintiff requested STDL from the dates beginning in or around June 27, 2023, until October 2023. Plaintiff began her leave on June 27, 2023. In or around July 20, 2023, Plaintiff was shocked to receive another notice from Defendant's Human Resources department stating that Plaintiff was being terminated for job abandonment for having not come to work since June 26, 2023.

  b. **Defendant:**

Elevance Health ("Elevance Health" or "the Company") denies the entirety of Plaintiff's allegations of discrimination and retaliation. Elevance Health hired Plaintiff in October of 2022 as a Director Medicare Risk Adjustment and Coding. Early in her time in this position, her manager, Rajesh Thakkar, identified significant issues with Plaintiff's performance and began meeting with Plaintiff to detail his expectations for her improvement and to note that she was not meeting expectations. In response, Plaintiff stated that she needed to take a leave of absence. Specifically, in February of 2023, Plaintiff requested—and was approved to take—a leave of absence. When Plaintiff requested to extend that leave of absence, that was also approved. Ultimately, Plaintiff did not return to work until May of 2023. Shortly after returning, she requested to take leave again starting in June of 2023.

In June and July of 2023, Elevance Health attempted to contact Plaintiff multiple times to request that she submit the required documentation that was needed to support her request for additional leave. When Elevance Health received no response from Plaintiff, the Company contacted Plaintiff on July 17, 2023, noting that Plaintiff had not been approved for additional leave, had not returned to work, and that Elevance Health's attempts to contact Plaintiff regarding

her return to work had received no response. The letter explained that, under Elevance Health's policies, an employee's failure to report to work for three consecutive workdays is considered job abandonment. However, in an effort to work with Plaintiff, Elevance Health informed Plaintiff that it would give her three workdays from the date of the July 17, 2023 letter within which to contact her supervisor. Otherwise, the letter informed her that she would be deemed to have abandoned her job and that she would be terminated on July 20, 2023. The letter concluded by stating: "If there is anything that would change our understanding of your absence, please contact [Raj Thakkar] no later than July 19, 2023 @ 3pm EST, so we can consider any information you provide concerning your unexcused absence."

Plaintiff failed to provide any response by 3pm EST on July 19, 2023. When she had still not responded by the afternoon of July 20, 2023, Elevance Health terminated Plaintiff for job abandonment consistent with its policies and its prior notice to Plaintiff.

Additionally, Elevance Health raises the following affirmative defenses:

1. Plaintiff fails to state a claim or claims upon which relief can be granted.

2. Plaintiff has not suffered any damages.

3. Plaintiff has failed to mitigate her damages, if any.

4. Any alleged injury or damages that Plaintiff allegedly suffered are the result of Plaintiff's own conduct or omissions.

5. Plaintiff's claims are barred by virtue of her failure to timely administratively exhaust her claims.

6. Elevance Health's actions were taken in good faith based upon legitimate business reasons unrelated to any protected characteristic or protected activity

that Plaintiff purportedly engaged in.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

Defendant reserves the right to add or modify its defenses in its Answer (which has not presently been filed given that Defendant submitted a Motion to Dismiss which remains pending before the Court) and any subsequent amendments.

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A). Do not summarize the pleadings.*

*Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4.      UNDISPUTED FACTS

  **A.  The following facts are undisputed:**

  1.   Ramirez was employed by Elevance Health from October of 2022 until July 20, 2023.

  *[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 5.      COMPUTATION OF DAMAGES

  *[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

Plaintiff:

Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of her actual and/or perceived disability. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, such as health insurance, special damages, and great inconvenience. As a result of Defendant's discriminatory conduct and practices, Plaintiff has suffered damages, including but not limited to loss of wages, benefits and other expenses, as well as emotional distress, and will continue to suffer damages.

Back-pay:          $31,730.50 (calculated as follows: $2,884.62 per week times 83 weeks minus 207,692.58 in mitigation)

Front-pay:          $69,230.88 (calculated as follows: $2,884.62 per week times 24 weeks)

Emotional distress:   $150,000.00

Attorneys' fees:     $10,000.00

Defendant does not presently seek any damages but reserves the right to seek the recovery of its reasonable fees and costs incurred in the defense of this action.

6.      **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.   Date of Rule 26(f) meeting.

March 19, 2025

b.   Names of each participant and party he/she represented.

Emanuel Kataev, Esq. on behalf of Plaintiff

Rayner Mangum on behalf of Defendant

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will exchange their initial disclosures no later than April 2, 2025.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P.
26(a)(1)(C) or by the date set by court order, the parties must provide an explanation* showing
good cause for the omission.]

d.   **Proposed changes, if any, in timing or requirement of disclosures under Fed. R.
Civ. P. 26(a)(1).**

N/A

e.   Statement concerning any agreements to conduct informal discovery:

No changes in the timing, form, or requirement for disclosures under Rule 26(a). Rule
26(a)(1) disclosures will be exchanged by the parties on or before April 2, 2025.

*[State what processes the parties have agreed upon to conduct informal discovery,* such as
joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or
exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews
with potential witnesses, list the names of such witnesses and a date and time for the interview which
has been agreed to by the witness, all counsel, and all pro se parties.]

f.   **Statement concerning any other agreements or procedures to reduce
discovery and other litigation costs, including the use of a unified exhibit
numbering system.**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil
Procedure any pleadings or other papers may be served by sending such documents by email to
the email address(es) listed below (or any updated email address provided to all counsel of record).

The format to be used for attachments to any email message shall be Microsoft Word (.doc) or

Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party,

that party shall promptly (within one business day of receipt of such message) notify the intended

recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Michelle Ramirez | Emanuel Kataev<br><br>(ekataev@consumerattorneys.com)<br><br>Mia Kristensen<br><br>(mkristensen@consumerattorneys.com)<br><br>Irina Iakovleva<br><br>(iiakovleva@consumerattorneys.com) |
| Defendant The Elevance Health, Inc., | Rayner Mangum (rmangum@constangy.com)<br><br>Jim Goh (jgoh@constangy.com)<br><br>Hannah Caisse (hcaisse@constangy.com) |

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce* the

costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs

may be reduced, for example, through telephone depositions, joint repositories for documents, use of

discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and

pro se parties also will be expected to use a unified exhibit numbering system if required by the

practice standards of the judicial officer presiding over the trial of this case. Non-prisoner pro se parties

are reminded that e-filing is available as one means to reduce expenses – see the Electronic Case Filing

page of the Court's website.]

> g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate extensive discovery of ESI, although both parties intend to

seek discovery of electronic communications. The parties acknowledge that requests for ESI, and

responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The

parties have discussed the production of ESI and have not agreed on a specific limit of the scope

of production.  Should any dispute concerning ESI arise during the pendency of this matter, the

parties have agreed to meet and confer before seeking intervention from the Court.

**Plaintiff's position**: The parties will produce ESI in native format. Plaintiff wishes to

reserve the right to redact from his ESI individually identifiable medical or health related

information, the production of which may be governed or limited by federal or state statute.

**Defendant's position**: The parties will produce ESI in PDF format. The parties agree to

confer in good faith to the extent that a party requests that any particular document be produced

in native format.

The parties do not anticipate any issue regarding electronically stored information, aside

from the issue detailed above pertaining to the form in which ESI will be produced.  Plaintiff and

Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34.  Plaintiff and

Defendants shall respond in good faith, producing such hard copy and electronic documents as it

locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure.  The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection.  The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection.  Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute.  The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d).  The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order.  The parties shall confer and then submit a jointly proposed protective order to the Court.  **Parties' joint motion and proposed protective order is due May 30, 2025.**

 h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are engaging in settlement discussions and exploring the possibility of an early resolution in this case.

[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]

**7.**

## I. CONSENT

*[Pursuant to D.C.COLO.LCivR 40.1(c) and 72.2, all full-time magistrate judges in* the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment.  Parties consenting to the exercise of jurisdiction by a magistrate judge must *complete and file the court- approved Consent to the Exercise of Jurisdiction by a* United States Magistrate Judge form.]

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the* presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37.  The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, the importance of the

issues at stake in the action, and all other scope of discovery considerations. See Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). " See Fed. R. Civ. P. 26(b)(2)(C).]

    a.   **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** **Limit of 3 fact witness depos/ side; 25 Rogs per side.**

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

    *[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request* by *reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

    b.   **Limitations which any party proposes on the length of depositions.**

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on depositions. Plaintiff may seek to conduct her deposition remotely; Defendant opposes.

    c.   **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Defendant proposes that each party may serve on any other party no more than twenty-five (25) requests for production and no more than twenty-five (25) requests for admission.     Plaintiff does not agree to this limitation.

      d.    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

November 20, 2025.

*[The parties are expected to serve interrogatories, requests for production and/or* requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]

      e.    **Other Planning or Discovery Orders**

*[Set forth any other proposed orders concerning scheduling or discovery. For* example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]

The Parties have discussed and believe that a protective order is likely necessary to govern discovery in this matter. The parties will jointly submit a proposed protective order for the Court's consideration on or before May 30, 2025.

        **9.**    **CASE PLAN AND SCHEDULE**

      a.    **Deadline for Joinder of Parties and Amendment of Pleadings:**

July 11, 2025

*[Set time period within which to join other parties and to amend all pleadings. This* deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good

cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]

      b.     **Discovery Cut-off:**    December 20, 2025.

      c.     **Dispositive Motion Deadline**: January 20, 2026

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

      d.     Expert Witness Disclosure

      1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff does not presently anticipate disclosing any experts but reserves the right to do so.

Defendant does not presently anticipate disclosing any experts but reserves the right to do so.

      2.     Limitations which the parties propose on the use or number of expert witnesses.

No party will endorse more than one expert witness with respect to the same subject matter. Each side is limited to a total of 2 affirmative experts. **\*\*Limit of 1 affirmative retained expert per side. Possible expert testimony on damages.\*\***

      3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 1, 2025.

*[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2025.

[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the* requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]

    e.    **Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
| --- | --- |
| Plaintiff | TBD |
| Defendant 30(b)(6) representative | TBD |

The parties reserve the right to conduct additional depositions of witnesses and employees.

*[List the names of persons to be deposed and provide a good faith estimate of the* time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]

### 10.    DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or* she has not already set deadlines by an order filed before the conference.]

a.    **Status conferences will be held in this case at the following dates and times: TBD**

_____.

b.    A final pretrial conference will be held in this case on _____ at o'clock ____ m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.



**\*\*See GPG Practice Standards re setting of Final Pretrial Conference, Trial Prep Conf, and trial and for all other deadlines therein.**

### 11.    OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties were unable to agree as to the form in which ESI will be produced, as detailed in Section 6(g), and to the limitation upon the number of requests for production and requests for admission, as detailed in Section 8(c).

b.    Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate jury trial will take approximately 5 days.

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically

conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado

80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand

Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County

Courthouse

1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

*[Determination of any such request will be made by the magistrate judge based on* the

individual needs of the case and the availability of space and security resources.]

## 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's

client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures

or Practice Standards established by the judicial officer presiding over the trial of this case.

**& Mag. J. discovery dispute procedures**

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13.    AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended* only upon

a showing of good cause.]

DATED at Denver, Colorado, this __27th__ day of __May_____, 2025.

_____

HONORABLE KATHRYN A. STARNELLA
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
**CONSUMER ATTORNEYS, PLLC**
68-29 Main Street
Flushing, NY 11367
T: (718) 412-2421
F: (718) 489-4155
E: ekataev@consumerattorneys.com

*Attorneys for Plaintiff Michelle Ramirez*

**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
*s/ Rayner Mangum*
Rayner Mangum
1801 Broadway
Suite 529
Denver, CO 80202
Telephone: 720.343.7560
Facsimile: 720.343.7561
rmangum@constangy.com

*Attorneys for Defendant*
*The Elevance Health Companies, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

**CONSUMER ATTORNEYS**

By: <u>*/s/ Mia Kristensen*</u>