## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00061-GPG-KAS

MICHELLE RAMIREZ,

      Plaintiff,

v.

THE ELEVANCE HEALTH COMPANIES,
INC.,

      Defendant.

---

## STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER

---

Plaintiff Michelle Ramirez (hereinafter "Plaintiff") and Defendant The Elevance Health, Inc. (hereinafter "Defendant") (Plaintiff and Defendant collectively hereinafter the "Parties"), pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), respectfully move this Court for the entry of a Protective Order in the form attached as Exhibit 1.

## LEGAL STANDARD

Under Rule 26(c), for good cause shown, a court may issue a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c)(1). Such an Order may forbid the disclosure of discovery, or require that depositions be sealed and opened only upon court order. See Fed. R. Civ. P. 26(c)(1)(A), (F). The "good cause" standard of Rule 26(c) is "highly flexible, having been

designed to accommodate all relevant interests as they arise." See United States v. Microsoft Corp.,

165 F.3d 952, 959 (D.C. Cir. 1999).

Further,

The decision to enter a protective order lies within the sound discretion of the court. Despite this broad discretion, the court may only issue a protective order if the moving "party demonstrates that the basis for the protective order falls within one of the categories enumerated in Fed. R. Civ. P. 26(c) [,]" *i.e.*, that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence." "Although a party may object to providing discovery on the basis that the request is overly broad, irrelevant or not calculated to lead to the discovery of admissible evidence, the court may only rule on the validity of such an objection in the context of a motion to compel." "Such an objection is not a basis upon which the court may enter a Rule 26(c) protective order."

See P.S. v. Farm, Inc., No. 07-CV-2210-JWL, 2009 WL 483236, at *3 (D. Kan. Feb. 24, 2009) (footnotes and citations omitted).

Here, the information that will likely be sought in discovery as this case progresses includes

information about Defendant's business and Plaintiff's medical records.  Rather than burdening

the Court and delaying discovery in this case by objecting to disclosure of such information and

requiring a document-by-document review to determine confidentiality, the Parties seek an

umbrella protective Order which permits them to designate certain information as confidential.  In

the event that any party to this litigation disagrees at any point in these proceedings with any

designation made under this Protective Order, the Parties shall first try to resolve such dispute in

good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the

designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached

Protective Order.

RESPECTFULLY SUBMITTED this 30th day of May, 2025.

**CONSUMER ATTORNEYS, PLLC**
*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Michelle Ramirez*

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
*s/ Rayner Mangum*
Rayner Mangum
1801 Broadway,
Suite 529
Denver, CO 80202
Telephone: 720.343.7560
Facsimile: 720.343.7561
rmangum@constangy.com

*Attorneys for Defendant*
*The Elevance Health Companies, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on May 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: */s/Emanuel Kataev*