**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00061-GPG-KAS

MICHELLE RAMIREZ,

    Plaintiff,

v.

THE ELEVANCE HEALTH COMPANIES, INC.,

    Defendant.

---

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

    **1.**    **Definitions.**  As used in this protective Order:

    (a)    "Attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

    (b)    "Confidential" means a document reasonably designated as confidential under this protective Order;

    (c)    "Destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.

    (d)    "Document" means information disclosed or produced in discovery, including at a deposition;

1

(e) "Notice" or "Notify" means written notice, including email;

(f) "Party" means a party to this action; and

(g) "Protected Document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within twenty-one (21) days after the deposition transcript becomes available, unless otherwise agreed in writing.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

(a) All documents, transcripts, or other materials subject to this Order, and all

information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    the attorneys actively working on this case or their partners, associates, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    any juror or alternative juror;

        (6)    Experts retained in connection with this action;

        (7)    Any deponent, witness, or potential witness in this action who has received and signed the "Acknowledgement of Understanding" (Exhibit A);

        (8)    Professional jury, trial consultants, mock jurors, and professional vendors, who have received and signed the "Acknowledgement of Understanding" (Exhibit A);

        (9)    any person who is retained to assist a party or attorney with this action, who has received and signed the "Acknowledgement of Understanding" (Exhibit A);

    (c)    If a confidential document is revealed to someone not entitled to receive it, the

parties must notify each other and make reasonable efforts to retrieve it.

**4.    Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within seven (7) days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**5.    Use of a Confidential Document in Court.**

(a)     Filing.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal.  The parties shall comply with the Court's local rule governing filing under seal.  This protective order, however, does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents and/or otherwise by Court Order.

**6.    Changing a Confidential Document's Designation.**

(a)    Document disclosed or produced by a party. A document that is disclosed or produced by a party with a confidential designation remains confidential unless the Court has ordered otherwise or unless both (i) the parties disagree as to the propriety of its designation as confidential, and (ii) the party that designated the document as confidential has not filed a motion for a protective order within twenty-one (21) days of the parties' telephonic, in-person, and/or virtual meet-and-confer concerning such, pursuant to Paragraph 6(c) of this Order.

(b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

4

(c)     Changing a designation by court order.  If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within ten (10) days from the date the challenge is made.  If the parties cannot agree after they meet and confer, the designating party may ~~file a motion seeking entry of a protective order~~ seek court intervention per the Magistrate Judge's discovery dispute procedures concerning the specific document, seeking to have the Court designate it as confidential.  ~~That motion shall be filed~~ Court intervention shall be sought no later than twenty-one (21) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d)     If the ~~motion~~ request for court intervention affects a document produced by a non-party, then, with respect to the ~~motion~~ intervention request, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential ~~must show that the designation satisfies Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule")~~. bears the burden of establishing that good cause exists for the disputed information to be treated as confidential.

7.      **Handling a Confidential Document after Termination of Litigation.**

(a)     Within thirty (30) days after the termination of this action (including any appeals), each party must:

(1)     return or destroy all confidential documents.

(b)     Notwithstanding paragraph ~~8~~ 7(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

8.      **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)      Notice.

(1)     A party or non-party who discovers that it has inadvertently disclosed or

5

produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Rule 502(d)

(1) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(2) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

(c) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Rule 26(b)(5)(B).

9. **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any

6

confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

11. A signed facsimile and/or electronic signature hereon shall be deemed an original, and this Agreed Protective Order may be executed in counterparts.

**IT IS SO ORDERED**.

Dated: June 1, 2025

_____
HONORABLE KATHRYN A. STARNELLA
UNITED STATES MAGISTRATE JUDGE

7

AGREED TO:

| | |
|---|---|
| **CONSUMER ATTORNEYS, PLLC** | **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP** |
| */s/ Emanuel Kataev* | */s/ Rayner Mangum* |
| Emanuel Kataev, Esq. | Rayner Mangum |
| 6829 Main Street | 1801 Broadway |
| Flushing, NY 11367-1305 | Suite 529 |
| (718) 412-2421 (office) | Denver, CO 80202 |
| (718) 489-4155 (facsimile) | Telephone: 720.343.7560 |
| ekataev@consumerattorneys.com | Facsimile: 720.343.7561 |
| | rmangum@constangy.com |
| *Attorneys for Plaintiff* | |
| *Michelle Ramirez* | *Attorneys for Defendant* |
| | *The Elevance Health Companies, Inc.* |

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHELLE RAMIREZ, | |
| Plaintiff, | **Case No.: 1:25-cv-61 (GPG) (KAS)** |
| v. | |
| THE ELEVANCE HEALTH, INC., | **EXHIBIT A** |
| Defendant. | |

**ACKNOWLEDGEMENT OF UNDERSTANDING**

I have read and understand the protective Order in the case captioned Ramirez, Michelle v. The Elevance Health, Inc. case no. 1:25-cv-61 (GPG) (KAS) in the United States District Court for the District of Colorado. As soon as my work or involvement in connection with that case has ended, but not later than thirty (30) days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

Date: _____  _____
Signature

_____
Printed Name

9