IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 1:25-cv-00061-GPG-KAS

MICHELLE RAMIREZ,

     Plaintiff,


v.

THE ELEVANCE HEALTH COMPANIES, INC.,

     Defendant.

---

# ORDER

---

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(B)(1) and 12(B)(6) (D. 6). The Court DENIES the MOTION AS MOOT for the following reasons and *sua sponte* affords Plaintiff one opportunity to amend her complaint within thirty (30) days.

## I. FACTS

Plaintiff Ramirez's Complaint and Jury Demand (D. 1),[1] filed January 8, 2025, asserts both claims for discrimination and retaliation in violation of the Americans with Disabilities Act (ADA) and claims for discrimination and retaliation in violation of the Colorado Anti-Discrimination Act

---

[1] Unless otherwise noted, the facts derive from Plaintiff's Complaint and Jury Demand (D. 1).

(CADA). Plaintiff asserts she was discriminated and retaliated against because of her disability or perceived disability and that Defendant failed to provide reasonable accommodations.

Plaintiff asserts that on July 20, 2023, she received a letter of termination as a result of two requests for Short Term Disability Leave (STDL). Ramirez has numerous diagnosed mental health conditions including bipolar II disorder, post-traumatic stress disorder, major depressive disorder, and anxiety disorder (D. 1 at 1 ¶ 13). Plaintiff began working for Defendant The Elevance Health Companies, Inc., (Elevance) on October 22, 2022, as a Director of Risk Adjustment (*id.* ¶ 16). In November 2022, Plaintiff began to experience an increase in symptoms related to her mental health conditions while working for Elevance and sought medical treatment in January 2023, following a meeting with a superior within Elevance (*id.* ¶ 18–19).

To seek medical attention, Plaintiff placed a request for STDL with Elevance's third-party leave administrator (*id.* at 4 ¶ 20). STDL was approved until May 2023, and Plaintiff notified Elevance management of the approval (*id.* ¶ 23). Ramirez returned to work on May 25, 2023, but almost immediately began to experience the same exacerbation of symptoms that prompted her request for STDL (*id.* ¶¶ 24-25). On May 26, 2023, Plaintiff was informed that she would be terminated for "job abandonment" (*id.* at 4 ¶ 26). After a conversation with the Vice-President of Risk Adjustment, Rajesh Thakkar, Plaintiff was able to secure continued employment with Defendant (*id.* at 4-5 ¶¶ 26–30). Plaintiff's work in or around May 26, 2023, was "exemplary" (*id.* at 5 ¶ 31).

This series of events worsened Plaintiff's medical issues, and on June 26, 2023, Ramirez again requested STDL through October 2023 (*id.* at ¶¶ 32-36). On July 7, 2023, Defendant requested additional medical documents from Plaintiff and sent her a form to be completed by

Plaintiff's medical provider (*id.* at 5-6 ¶ 39). Plaintiff's medical provider completed and faxed the form to Defendant on or about July 7, 2023 (*id.* at 6 ¶ 41) On July 17, 2023, Elevance requested even more additional information from Plaintiff, which was provided by her. (*id.* ¶¶ 42–43). Finally, on July 20, 2023, Elevance's Department of Human Resources sent Plaintiff a notice stating that she was being terminated for "job abandonment" (*id.* at 6-7 ¶¶ 44–49). Plaintiff informed Elevance that she had not abandoned her job, but Elevance refused to consider her response (*id.* at ¶ 48). Plaintiff asserts that Elevance failed to accommodate (*id.* at 7 ¶ 54).

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) on June 17, 2024 (*id.* at 1-2 ¶ 3). Plaintiff received a Notice of Right to Sue from the EEOC on October 10, 2024 (*id.* at 2 ¶ 4; D. 1-3). The letter indicates that the EEOC closed the charge because Plaintiff did not timely file her discrimination claim (D. 1-3 at 1).

## II. LEGAL STANDARD

Under Federal Rule 12(b)(1), a court may dismiss a complaint for a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). The framework for dismissing a claim under Rule 12(b)(1) involves two primary types of jurisdictional challenges: facial attacks and factual attacks. A facial attack involves an inquiry into whether the sufficiency of the allegations as stated in the complaint as they relate to subject matter jurisdiction over the claim. When reviewing a facial attack, the court must accept the facts and allegations in the complaint as true and determine if, as written, the facts establish jurisdiction over the claim. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995).

In contrast, a factual attack arises when a party makes a challenge to the facts upon which subject matter jurisdiction is based. When a factual attack is made, the court does not presume the facts to be true and instead should consider evidence outside the pleadings, such as affidavits, documents, and evidentiary hearings. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and

unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's complaint arguing (1) that Plaintiff failed to timely file with the Equal Employment Opportunity Commission to receive a Notice of Right to Sue, and (2) that Plaintiff failed to timely file with the Colorado Civil Rights Division (CCRD) and has yet to receive a Notice of Right to Sue, thus failing to timely exhaust all remedies and claims. I will address the federal claims first.

### A. The ADA Claims

Defendant asserts the ADA claims should be dismissed for failure to timely exhaust (D. 6 at 6). A charge of employment discrimination under the ADA must be filed with the EEOC within 300 days. 42 U.S.C. § 2000e-5(e)(1). "A plaintiff normally may not bring [such] claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Foster v. Ruhrpumpen,* 365 F.3d 1191, 1194 (10th Cir. 2004) (citation removed). Plaintiff was issued a right to sue letter, however that letter specifically states that plaintiff "waited too long after the date of the alleged discrimination to file [her] charge" (D. 1-3 at 2).

Failure to exhaust is now an affirmative defense with the carveout that "it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 Fed. Appx. 854, 858 (10th Cir. 2019). Absent clear grounds for the defense apparent from the face of the complaint, I would have to convert this motion to dismiss into a motion for summary judgment—particularly if I chose to rely on matters outside the pleadings. *See Brooks v. Midwest Heart Group*, 655 F.3d 796, 798 (8th Cir. 2011). I am not so

inclined.  At least one Court in this District has determined that a right to sue letter indicating that a charge was not timely filed with the EEOC is fair grounds for addressing the matter in the posture of a motion to dismiss.  *See Martinez v. Million Air Mechanical Inc.*, 21-cv-02299-DDD-NRN, 2022 WL 843889, *2 (D. Colo. March 22, 2022) (Report and Recommendation adopted).

Plaintiff's bare-bones pleading makes it extremely difficult for the Court to engage in a meaningful analysis of this issue.  The case did not need to land in this procedural process and quagmire.  Plaintiff was aware from the inception of this case that the EEOC considered Plaintiff's discrimination claim untimely (*see* D. 1-3 at 2) yet included only the faintest of mention of the issue in the Complaint.    Plaintiff, in her Complaint, engages in absolutely no discussion of exhaustion relative to the CADA claims (*see* below).

When Elevance, not-unexpectedly, addressed the matter of exhaustion in their motion to dismiss, Plaintiff interposed a more fulsome (yet still incomplete) Response (D. 9) inclusive of significant facts and exhibits and an equitable tolling argument.[2]  The Court is neither impressed nor pleased.

### B.  Colorado Anti-Discrimination Act Claim

CADA claims also have a required exhaustion prerequisite.  C.R.S. § 24-34-306(14).  Elevance moves to dismiss on the basis that Plaintiff has not exhausted (D. 6 at 3).  Plaintiff essentially confesses failure to exhaust and requests a stay[3] to investigate the matter with the

---

[2] Plaintiff's Response does not sit well with this Court and strikes the Court as sandbagging—perhaps hoping to keep this case alive long enough to proceed to discovery and summary judgment.  This is not the correct manner of proceeding.  Plaintiff knew, from the outset, that she would interpose an argument that she attempted to timely assert her discrimination claim but was dissuaded or misled by the EEOC.  And while it is perfectly fine for Plaintiff to make that argument, it should have been done in the Complaint and not in the Response to the Motion to Dismiss.

[3] This District's Local Civil Rules and the Court's practice standards specifically preclude filing a motion, e.g., a motion to stay, within a responsive pleading.  Each motion must be a stand-alone pleading.

CCRD. Plaintiff asserts that the stay is appropriate "pending further investigation pertaining to the status of her charge with the CCRD" (D. 9 at 10, February 28, 2025). This Court is entirely disinclined to grant such a stay and notes that Plaintiff has effectively now had the equivalent of a stay in excess of five months to conduct "further investigation." The Court will further address any CADA claim(s) upon repleading. Plaintiff is cautioned not to replead frivolous claims—such as a claim which is clearly not exhausted—unless there is a valid basis for the claim in light of the applicable exhaustion requirement.

### C. Request for Leave to Replead

Plaintiff has requested leave to replead. A motion for leave to amend a complaint or filing, under Federal Rules of Civil Procedure 15(a), "should be freely given 'when justice so requires.'" *McClaflin v. Sanofi-Aventis U.S. LLC*, 729 F. Supp. 3d 1187, 1197 (D. Colo. 2024) (citing Fed. R. Civ. P. 15(a)(2)). However, a district court should "deny leave to amend where [the] amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amendment to a complaint is futile where, as amended, the new complaint is subject to dismissal. *McClafin*, 729 F. Supp. 3d at 1197.

At this juncture, Plaintiff has had one opportunity to plead her claims. In this Court's judgment, allowing a singular opportunity to amend is required by justice and will be afforded. The Court is cognizant that there is some expense to Defendant incumbent in this opportunity. However, the recasting of Defendant's arguments for dismissal, if that is how the matter proceeds, should be relatively minimal and significantly less burdensome than in the first instance.

**IV. CONCLUSION**

Accordingly, the Motion to Dismiss is DENIED as MOOT.


It is further Ordered that Plaintiff may file an amended complaint within thirty (30) days of this Order.  Plaintiff is cautioned to avoid frivolous claims, include the relevant facts, which include relevant procedural facts as to exhaustion and equitable tolling, and to attach any relevant documents with her amended pleading.


DATED August 7, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge